## GLOVER VS. RAWSON.

1. RETURN OF WRIT. — In a suit commenced by attachment, which contained also a summons, returnable at a future day, if the defendant cannot presently be found, it is the duty of the sheriff to retain the writ until the return day, to the end that the defendant may, if possible, be summoned.

2. SAME. — Where the sheriff made a return of *non est inventus* a considerable time before the return day, the court after the return day may properly proceed thereon as provided by law, the remedy of the defendant, if any, being by action against the sheriff.

3. ATTACHMENT—JUDGMENT.—Where the attachment has not been personally served, in whatever form the judgment may be entered, it will not be conclusive against the defendant, and no property can be sold under it, except such as was attached.

(3 Chand., 249.)

ERROR to the County Court of *Milwaukee* County.

The case is stated in the opinion of the court.

*Wright & Starkweather*, for plaintiff in error.

*H. S. Orton*, for defendant in error.

KNOWLTON, J. This suit was commenced in the county court of Milwaukee county. The writ of attachment was issued on the 28th of August, 1850, and made returnable on the first Monday of October of the same year. Two days after the writ was issued the sheriff attached the property, and the next day thereafter (only three days after the writ issued)

returned the writ to the clerk's office, with his doings thereon indorsed, in which, among other things, he returns that the defendant was not found within his bailiwick.

Upon the 8th day of October, 1850, notice of issuing the writ and execution thereof was published in the " Milwaukee Sentinel and Gazette," a weekly newspaper, printed in the county of Milwaukee.

Upon these proceedings, and without general appearance, the defendant made a motion in the county court to set aside the proceedings thus far had. The court denied the motion. The defendant refused to make further appearance ; whereupon the plaintiff took judgment as his damages, $294, the defendant being defaulted.

The defendant on writ of error now brings the case before this court and seeks a reversal of the judgment. The publication of notice, having been commenced within thirty days after the return day of the writ, was regular.

The only question necessary to be disposed of is, whether the proceedings are erroneous, inasmuch as the sheriff in *fact* returned the writ long before the return day therein mentioned, with his indorsement that the defendant could not be found within his bailiwick. There can be no doubt that the sheriff did wrong by thus returning the writ; he should have retained it till the return day mentioned therein. If he had done so, it is more than probable that personal service might have been had upon the defendant. The probabilities, however, are quite immaterial, as it was the absolute duty of the sheriff to retain the writ in his hands until by the exigency thereof he was bound to return it. The court, however, was bound to take the return of the sheriff as it was. It could not be treated as a nullity ; upon its face it was sufficient to warrant the court in proceeding to judgment. If the defendant has been injured, his remedy is by action against the sheriff, and not by writ of error.

It is said that judgment in the form entered is conclusive,

which is contrary to sec. 22, ch. 112, R. S.   We think there is nothing in this position.   This section declares the form and effect of the judgment, and, of course, it can have no greater force than is there declared.   This section must control the effect of the judgment in whatever form it is entered; in a word, it controls all forms that may be devised.

We can see no reason for reversing the judgment of the county court.   It must therefore be affirmed.